UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

IN RE:                                )
                                      )
Terry Lee Morris and                  )   Case No. 07-01781-TOM-7
Beverly E. Morris,                    )
                                      )
        Debtors.                      )

MEMORANDUM OPINION AND ORDER SUSTAINING
TRUSTEE'S OBJECTION TO DEBTORS' CLAIM OF EXEMPTIONS

This matter came before the Court for hearing on June 14, 2007 on the Trustee's Objection to Debtors' Claim of Exemptions (the "Objection") (doc. no. 12). Appearing at the hearing were counsel for the Debtors, who objected to the Objection, and the Trustee. Following the hearing, at the request of the Court, the Trustee filed a Brief in Support of Contest of Claimed Exemptions (doc. no. 19) and the Debtors filed a Brief (doc. no. 22). This Court has jurisdiction under 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court has considered the pleadings, arguments of counsel, and the law and finds and concludes as follows[1].

FINDINGS OF FACT

The Debtors filed for chapter 7 protection on April 20, 2007. On Schedule C, the Debtors claimed $20,500 in exempt property. The Debtors claimed exemptions in three vehicles and a motorcycle: a 1997 Toyota Camry, a 1996 Ford Ranger, a 2000 Suzuki motorcycle and a 1995 Freightliner FL70. The Debtors claim the Toyota Camry, Ford Ranger and Suzuki

---

[1]This Memorandum Opinion constitutes findings of fact and conclusions of law pursuant to Federal Rule of Civil Procedure 52, applicable to contested matters pursuant to Federal Rules of Bankruptcy Procedure 7052 and 9014.

1

motorcycle are exempt pursuant to Alabama Code § 6-10-6. The 1995 Freightliner FL70 (the "Freightliner") is claimed exempt pursuant to Alabama Code § 6-10-126. The Freightliner is not encumbered by any lien, according to the Debtors' Schedule D.

## CONCLUSIONS OF LAW

The Bankruptcy Code provides that certain property owned by a debtor is exempted from the bankruptcy estate. 11 U.S.C. § 522. The exemption statute provides a list of federal exemptions, or provides that the individual states may set their own exemption schemes and provide that bankruptcy cases in those states be governed by the state exemption laws. Alabama is one of the states that has chosen to "opt-out" of the federal scheme and provide its own exemptions. ALA. CODE § 6-10-11. Alabama law provides that a debtor may exempt up to $3,000[2] in personal property in addition to necessary and proper wearing apparel, all family portraits or pictures and all books used in the family. ALA. CODE § 6-10-6. The Debtors exempted a total of $6,000[3] in assets pursuant to section 6-10-6.

Additionally, the Debtors claimed the full value of the Freightliner, $14,5000, exempt pursuant to section 6-10-126. In his objection, the Trustee asserts that section 6-10-126 does not grant an exemption right to the Debtors and that the section is a waiver of exemptions statute and does not create an additional exemption right for the Debtors.

---

[2]Joint debtors may exempt up to $6,000 pursuant to Ala. Code § 6-10-6.

[3]The $6,000 claimed as exempt on Schedule C includes $120.00 in wearing apparel and $200.00 in weddings rings. Both of these exemptions do not count toward the Debtors' $6,000 cap because section 6-10-6 provides that a debtor may exempt up to $3,000 in personal property <u>in addition to</u> "necessary and proper wearing apparel."

2

Section 6-10-126 provides that "[n]o waiver of exemption in any written instrument shall be held to apply to or include or authorize the levy of an execution or attachment on any of the following property for any debt contracted:...(3) a vehicle used by and essential to the debtor's business." ALA. CODE § 6-10-126. As another judge on this Court has noted previously, Section 6-10-126 was enacted to make it clear that, while a debtor may waive a right to an exemption, pursuant to section 6-10-120, a debtor may not waive his or her exemption in certain property essential to the family or the debtor's livelihood. See Sanders v. First State Bank of Franklin County (Matter of Sanders), 30 B.R. 80 (Bankr. N.D. Ala. 1983). In Sanders, the joint debtors, husband and wife, attempted to exempt a 1979 Pontiac under section 6-10-126 as a vehicle used by and essential to the debtors' business, a claim identical to the one at issue here, and a secured creditor, who held a lien on the vehicle, objected. Id. at 81. The Court held that each of the debtors were entitled to the personal property exemption of $3,000 in addition to those items specifically set forth in section 6-10-6 (wearing apparel, family portraits or pictures and the family library). Id. at 82. The Court further held that the debtors could apply all or a portion of their $3,000 exemption to the vehicle but that section 6-10-126 does not allow the debtor to exempt essential vehicles or tools regardless of their value; rather, the debtors exemptions were limited by the $3,000 personalty clause of section 6-10-6. Id. at 81.

Additionally, the case the Debtors rely in support of their opposition to the Objection provides the very same outcome. In First Nat'l Bank of Jasper v. Robinson (In re Robinson), 240 B.R. 70 (Bankr. N.D. Ala. 1999), the Court notes that "[a]lthough this provision [section 6-10-126] protects certain personalty from a waiver made by the debtor, it does not create rights separate and distinct from those delineated in the § 6-10-6 personal property exemption." Id. at

3

92. Accordingly, this Court holds that section 6-10-126 does not create an additional exemption and does not permit the Debtors to exempt property of an unlimited value, regardless of whether specifically enumerated in section 6-10-126. The Debtors exemptions with respect to personal property are limited to a maximum of $3,000 per debtor. Therefore, it is hereby

**ORDERED, ADJUDGED and DECREED** that the Objection is SUSTAINED; and it is further,

**ORDERED, ADJUDGED and DECREED** that the Debtors' opposition to the Objection is OVERRULED; and it is further,

**ORDERED, ADJUDGED and DECREED** that the exemption claimed in the Freightliner is DISALLOWED.

Dated this the 18th day of July, 2007.

/s/ Tamara O. Mitchell
TAMARA O. MITCHELL
United States Bankruptcy Judge

4